**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2274-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

KAYVONNE D. MILES,

    Defendant-Respondent.

_____

Submitted September 20, 2021 – Decided September 30, 2021

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Complaint No. S-2020-0135-2019.

William A. Daniel, Union County Prosecutor, attorney for appellant (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Douglas Helman, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from an April 14, 2021 order admitting defendant Kayvonne D. Miles into the pretrial intervention (PTI) program over the prosecutor's objection. The State contends the motion judge erred by finding the prosecutor's decision rejecting defendant from PTI constituted a patent and gross abuse of discretion. We reverse and remand.

I.

The relevant facts leading to the prosecutor's denial of defendant's PTI application are undisputed and accurately stated in her initial denial letter. Between November 15, 2019, and December 10, 2019, defendant stole various items worth $7,151.90 from a Target store in Union, where he was employed as a "Security Specialist" for more than two years. Video surveillance cameras depicted eleven instances in which defendant removed items from the sales floor, brought them into the security office, and left the store without paying for them.

Accordingly, on December 10, 2019, Target's security manager installed a covert camera above the door to the security office. Later that day, the manager observed defendant remove electronic gaming devices from the store floor and return to the security office with the items. The covert camera depicted defendant concealing the items in Target shopping bags. When confronted by

the security manager, defendant admitted his conduct. Target terminated defendant's employment and contacted the Union Police Department.

Defendant was charged with third-degree theft, N.J.S.A. 2C:20-3(a), in a complaint-summons. He was twenty-three years old at the time of the offense, had no prior criminal history, and lived with his parents.

On December 29, 2020, defendant applied for PTI, and a probation officer recommended admission. Thereafter, the prosecutor issued a cogent written statement of reasons, rejecting defendant's application. The prosecutor found six of the seventeen nonexclusive criteria set forth in N.J.S.A. 2C:43-12(e) were relevant to her decision: the "nature of the offense" (factor one); the "facts of the case" (factor two); the "needs and interests of the victim and society" (factor seven); the "extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior" (factor eight); the "crime is of such a nature that the value of supervisory treatment is outweighed by the public need for prosecution" (factor fourteen); and the "harm done to society by abandoning criminal prosecution outweighs the benefits to society by channeling an offender into a supervisory treatment program" (factor seventeen). The prosecutor

detailed her reasons for each of those six factors, and noted defendant's "motivation and age" (factor three) weighed "minimally in defendant's favor."[1]

Considering factors one and two in tandem, the prosecutor noted: "This was not a one-time offense but occurred multiple times over the course of nearly one month." Further, defendant "attempted to hide his actions" by removing the items from the sales floor, returning to the security office with the items, placing them in shopping bags in an area of the office that was not under video surveillance, and removing the items from the store without paying for them. The prosecutor determined "[t]he facts and nature of this matter [w]ere too serious to allow defendant into PTI here, where defendant's misconduct terminated only when confronted by his manager."

Regarding factors seven, fourteen, and seventeen, the prosecutor concluded PTI was "not outweighed by prosecution." The prosecutor reasoned:

> Companies are entitled to trust that those they hire as security personnel or as asset protection officers would do just that, protect the assets. Further, theft from companies gets passed onto the consumer leading to higher prices for goods as companies make up the loss suffered when a theft occurs.

---

[1] In its responding trial brief, the State addressed all remaining factors, finding all were inapplicable, except factor four: "the victim is unwilling to forgo prosecution" because Target is "concerned about restitution" and the risk that defendant will repeat this conduct "as a security guard elsewhere."

A-2274-20

As to factor eight, the prosecutor noted defendant's crime spree occurred over the course of nearly one month. Accordingly, she found the "crime constitute[d] a continuing pattern of anti-social behavior."

Citing Rule 3:28-4(b)(1),[2] which in relevant part provides "the defendant's application should generally be rejected" where the defendant breaches the "public trust," the prosecutor found defendant violated Target's trust for many of the same reasons cited previously in her rejection letter. The prosecutor also noted "defendant knew that during that time of year it was harder for the [s]ecurity [m]anager of that Target location to perform his weekly inventory checks[.]"

Defendant appealed the denial of his PTI application, contending the prosecutor's rejection constituted a patent and gross abuse of discretion. He claimed the prosecutor "relied on inappropriate factors" by, for example, giving undue weight to the nature of the charges in view of his willingness to pay full restitution. Defendant further contended the State "failed to consider all relevant factors under N.J.S.A. 2C:43-12(e)." In that regard, defendant claimed the

---

[2] The prosecutor mistakenly cited subsection (a) of the Rule. The prosecutor noted that the Rule includes consideration as to "whether defendant's violation is part of a continuing criminal business or enterprise," but did not rely on that factor. In any event, in its trial brief and its merits brief on appeal, the State clarified that its rejection of defendant's application did not rely upon that factor.

prosecutor "failed to consider [his] youth and immaturity at the time of this offense" and that he has since matured. Because Target is a private company, defendant also argued the State abused its discretion by finding he breached the public trust.

Following argument on March 19, 2021, the judge reserved decision and thereafter issued a written decision, granting defendant's motion. This appeal followed.

II.

We begin our analysis by recognizing certain well-established principles. The scope of judicial review of the prosecutor's rejection of PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). Deciding whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996); see also State v. Roseman, 221 N.J. 611, 624 (2015). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." State v. Nwobu, 139 N.J. 236, 246 (1995) (citation omitted).

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008) (internal citation omitted). Therefore, "to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" State v. Nicholson, 451 N.J. Super. 534, 553 (App. Div. 2017) (internal citations omitted). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83).

Accordingly, courts give prosecutors "broad discretion" in determining whether to divert a defendant into PTI. State v. K.S., 220 N.J. 190, 199 (2015). That discretion is not, however, without limits. Negran, 178 N.J. at 82. "A rejected applicant must be provided with a clear statement of reasons for the denial." Ibid. Further, the decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

"N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application."  State v. Johnson, 238 N.J. 119, 128 (2019).  Rule 3:28 contains similar considerations, and also requires:

> If the crime was (i) part of organized criminal activity; or (ii) part of a continuing criminal business or enterprise; or (iii) deliberately committed with violence or threat of violence against another person; or (iv) a breach of the public trust where admission to a PTI program would deprecate the seriousness of defendant's crime, the defendant's application should generally be rejected.
>
> [R. 3:28-4(b)(1).]

We apply the same standard of review of a prosecutor's rejection of a PTI application as the trial court and review the court's decision de novo.  State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).  We will interfere with a prosecutor's decision only in "the most egregious examples of injustice and unfairness."  Ibid. (internal citations and quotations omitted).

Guided by those standards, we conclude the judge erred in ordering defendant's admission into the PTI program over the prosecutor's objection. Defendant failed to demonstrate the prosecutor's decision was not based on a thorough consideration of all appropriate factors and constituted a gross and patent abuse of discretion.  The prosecutor properly gave significant emphasis

to the nature and circumstances of the offense, including defendant's deliberate theft from Target, which entrusted defendant to guard against thefts from its Union retail store. Defendant used his "inside" position to steal items from his employer over the course of several weeks. That conduct also supported the prosecutor's finding that defendant's conduct constituted a pattern of anti-social behavior.

The prosecutor also considered defendant's individual characteristics, including his age and lack of record. Against those mitigating factors, the prosecutor considered defendant's violation of his employer's trust. Although Target is not a governmental entity, it was not unreasonable for the prosecutor to conclude: "The fact that defendant abused his position with Target causes the State concern." Indeed, defendant was expressly hired to guard and protect Target's property. The prosecutor determined that such a serious crime warranted a meaningful non-diversional outcome.

The motion judge erred by interjecting himself into the process of weighing applicable factors pertinent to the PTI application submitted by defendant. The judge predicated his decision upon his own assessment of the PTI factors, by opining, for example, that "it is not uncommon for an employee to take advantage of their employer" instead of analyzing whether the prosecutor

9

had grossly abused her considerable discretion. While reasonable minds could differ in analyzing and balancing the applicable factors in this case, judicial disagreement with a prosecutor's reasons for rejection does not equate to prosecutorial abuse of discretion so as to merit judicial override. State v. DeMarco, 107 N.J. 562, 566-67 (1987). In this instance, the motion judge improperly substituted his own discretion for that of the prosecutor.

We are convinced from our review of the record that the prosecutor considered, weighed, and balanced all requisite factors, including those personal to defendant, and the facts and circumstances of the offense. Her rejection of defendant's PTI application did not constitute a patent and gross abuse of discretion. We therefore vacate the order entering defendant into the PTI program, and remand for further proceedings on the summons.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2274-20